```
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
------------------------------------------------------------------- x
                                                    :
DAVID KATT, on behalf of himself and                :      1:20-cv-264
all others similarly situated,                      :
                                                    :
                        Plaintiff,                  :
                                                    :      **ANSWER AND**
                                                    :      **AFFIRMATIVE DEFENSES**
            -against-                               :
                                                    :
MONARCH BLACK HAWK, INC.,                           :
                                                    :
                                                    :
                        Defendant.                  :
------------------------------------------------------------------- x
```

Defendant, Monarch Black Hawk, Inc. ("Defendant"), hereby submits its Answer and Affirmative Defenses to the Complaint of David Katt ("Plaintiff").

## GENERAL DENIAL

Defendant denies any allegation, implication, or suggestion that it has committed a violation of or that Plaintiff is entitled to any relief pursuant to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (the "ADA"), but not limited to, those in all unnumbered and numbered introductions, allegations, captions, titles, and paragraphs of the Complaint. Moreover, Defendant denies any liability to Plaintiff and denies any allegation not specifically admitted in this Answer. Defendant reserves the right to seek to amend and/or supplement its Answer as may be necessary.

Responding to the individual Paragraphs of the Complaint by correspondingly numbered paragraphs, Defendant responds as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff asserts claims against Defendant but denies that he has a valid claim or is entitled to any relief from the Defendant.

2. Defendant states that the 2010 Census Bureau Report and the American Foundation for the Blind's 2017 Report speak for themselves, are the best evidence of their terms and content and no response to the allegations in Paragraph 2 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant states that the statement quoted in Paragraph 3 of the Complaint speaks for itself, is the best evidence of its terms and content and no response to the allegations in Paragraph 3 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Defendant admits that Plaintiff uses the term blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 allegations. Defendant lacks knowledge or information sufficient to form a belief concerning the remaining allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Defendant states that Title III of the ADA (the "ADA") speaks for itself, is the best evidence of its terms and content and no response to allegations as to what Title III of the ADA requires is required. Defendant admits that Plaintiff brings this action pursuant to the ADA but denies any suggestion, implication, or allegation that Defendant is violating the ADA.

7.  Defendant denies the allegations in Paragraph 7 of the Complaint.

8.  Defendant admits that Plaintiff is seeking an injunction but otherwise denies the allegations in Paragraph 8 of the Complaint.

9.  The content of Paragraph 9 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has jurisdiction over Plaintiff's claims pursuant to the ADA but denies that it has violated the ADA.

11. Defendant admits only that it is not contesting venue in this matter and that Defendant does business in this District. The remaining allegations in Paragraph 11 of the Complaint are denied.

12. Defendant admits only that it is not contesting personal jurisdiction but otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that it is conducting business in Colorado. Monarch states that the cases cited to in Paragraph 14 of the Complaint speak for themselves, are the best evidence of their terms and content and no response to the case law cited in Paragraph 14 are required. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits the Court is empowered to issue declaratory judgments but denies that Plaintiff is entitled to a declaratory judgment or any other relief.

## PARTIES

16. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits only that its physical location is a public accommodation and otherwise denies the allegations in Paragraph 18 of the Complaint.

## NATURE OF THE ACTION

19. The content of Paragraph 19 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. The content of Paragraph 20 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. The content of Paragraph 21 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. The content of Paragraph 22 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. The content of Paragraph 23 of the Complaint is not an allegation directed at the Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

## STATEMENT OF FACTS

24. Defendant admits that it owns and/or operates the casino, as well as the website, www.monarchblackhawk.com. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant admits that the Website contains information regarding resort location and hours, contact information, and related goods and services. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint including subparagraphs "a" through "c."

31. Defendant denies the allegations in Paragraph 31 of the Complaint including subparagraphs "a" through "m."

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief concerning whether Plaintiff intends to return to the website and therefore denies the allegations related thereto. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief concerning whether Plaintiff intends to return to the website and therefore denies the allegations related thereto. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant states that the DOJ statements of interests quoted and cited to in Paragraph 44 of the Complaint speaks for themselves, are the best evidence of their terms and content and no response to Paragraph 44 of the Complaint is required.

45. Defendant states that the statute cited to in Paragraph 45 of the Complaint speaks for itself, is the best evidence of its terms and content and no response to that portion of Paragraph 45 of the Complaint is required. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint because no DOJ proceeding is required.

47. Defendant denies the allegations in Paragraph 47 of the Complaint because there is nothing to adjudicate through an administrative process.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

## CLASS ACTION ALLEGATIONS

51. Defendant admits that Plaintiff seeks to certify a nationwide class but denies that his claims are valid on an individual basis or are suitable for class certification.

52. Defendant denies that common questions of law and facts exist amongst the Class and otherwise denies the allegations in Paragraph 52 of the Complaint including subparagraphs "a" and "b."

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 54 of the Complaint and therefore denies them.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

58. Defendant alleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 58 above as if set forth fully herein.

59. Defendant states that the statute cited in Paragraph 59 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in Paragraph 59 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant admits the allegations in the first sentence of Paragraph 60 of the Complaint. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61. Defendant states that the statute cited in Paragraph 61 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in Paragraph 61 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant states that the statute cited in Paragraph 62 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in Paragraph 62 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant states that the statute cited in Paragraph 63 of the Complaint speaks for itself and is the best evidence of its terms and content, and no response to the allegations in Paragraph 63 of the Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the second sentence in Paragraph 64 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65. Defendant admits that Plaintiff requests relief but denies that he is entitled to any.

## SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

66. Defendant alleges and incorporates by reference their responses to the allegations in Paragraphs 1 through 65 above as if set forth fully herein.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

69. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 69 of the Complaint but denies he is entitled to any relief.

70. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 70 of the Complaint but denies he is entitled to any relief.

71. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 71 of the Complaint but denies he is entitled to any relief.

72. Defendant states that the statute, regulations and case law cited in Paragraph 72 of the Complaint speak for themselves, are the best evidence of their terms and content and no response to Paragraph 72 of the Complaint is required. To the extent a response to Paragraph 72 of the Complaint is required, Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 73 of the Complaint but denies he is entitled to any relief.

74. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 74 of the Complaint but denies he is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing to bring some or all of the claims alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has requested relief that is either not required under the law or regards elements that are already in compliance with the ADA.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that the Defendant provides goods and services to the public, or is otherwise not required as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has demanded relief that would create an undue burden on the Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Website provides effective communication for persons who are blind or vision impaired to allow them to transact business of the same nature as persons without vision-related disabilities using the Website.

**SIXTH AFFIRMATIVE DEFENSE**

The Website is not a *place of public accommodation* under the ADA, and therefore, Plaintiff's claims should be dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because there is not a nexus between the Website and the Defendant's physical locations.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are moot, as the allegations raised in the Complaint regarding the Website either currently do not exist or are not violations of the ADA, and therefore, the Court cannot grant any meaningful relief.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages and was not deterred from accessing the subject public accommodation as a result of any actions taken by Defendant. Plaintiff is thereby barred

from asserting any claim against Defendant.

## **TENTH AFFIRMATIVE DEFENSE**

Defendant asserts all other defenses that may potentially become available as a result of information developed through discovery or trial.

## **CLAIM FOR ATTORNEYS' FEES**

Defendant has retained the law firm of Greenberg Traurig, LP, and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, Defendants is entitled to recover attorneys' fees and costs incurred in this action.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend and supplement its numbered responses to the allegations in the Complaint and their Affirmative Defenses as discovery progresses.

**WHEREFORE**, Defendant demands that the Complaint be dismissed with prejudice with all costs taxed against Plaintiff and with attorneys' fees awarded to Defendant.

Dated: May 1, 2020

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
*Attorneys for Defendant*

By: /s/ Robert S. Fine
ROBERT S. FINE
finer@gtlaw.com
ROBERT S. GALBO
galbor@gtlaw.com
ELISA H. BACA
bacae@gtlaw.com

*Attorneys for Defendant, Monarch Black Hawk, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which action caused automatic electronic notice of such filing to be served upon the following:

Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC.
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel.: 732-695-3282
Fax.: 732-298-6256
ari@marcuszelman.com
*Attorney for Plaintiff*

I further certify that on this 1st day of May, 2020, the foregoing document was served by Registered email upon Lou Dorn, Chief Legal Officer for Defendant, in accordance with D.C.COLO.LCivR. 6.1(c).

                                          /s/ Robert S. Fine
                                          ROBERT S. FINE